Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
**Law Offices of Todd M. Friedman, P.C.**
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: (877) 206-4741
Fax: (866)633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
Attorney for Plaintiff
*Attorneys for Plaintiff*

[Additional counsel for Plaintiffs listed on last page]

*Attorneys for Plaintiffs,*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD MAKARON,** **Individually** **and On Behalf of All Others Similarly Situated,** | Case No.: |
| | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| v. | |
| **LLOYD HEARING AID CORP. dba DIRECT SOURCE HEARING,** | |
| **Defendant.** | |

### INTRODUCTION

1. EDWARD MAKARON ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LLOYD HEARING AID CORP. dba DIRECT SOURCE HEARING ("Defendant"), in negligently

**CLASS ACTION COMPLAINT**

and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See

---

**CLASS ACTION COMPLAINT**

1    also, *Mims*, 132 S. Ct. at 744.

2  5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA

3    case regarding calls similar to this one:

4       The Telephone Consumer Protection Act … is well known for
        its provisions limiting junk-fax transmissions. A less-litigated
5       part of the Act curtails the use of automated dialers and
        prerecorded messages to cell phones, whose subscribers often
6       are billed by the minute as soon as the call is answered—and
        routing a call to voicemail counts as answering the call. An
7       automated call to a landline phone can be an annoyance; an
        automated call to a cell phone adds expense to annoyance.
8

9    *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

10                    **JURISDICTION AND VENUE**

11  6. This Court has federal question jurisdiction because this case arises out of

12    violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs.,*

13    *LLC*, 132 S. Ct. 740 (2012).

14  7. Venue is proper in the United States District Court for the Central District of

15    California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant

16    is subject to personal jurisdiction in the County of Los Angeles, State of

17    California as not only does Defendant regularly conduct business throughout

18    the State of California, but Plaintiff resides within the County of Los

19    Angeles within the State of California.

20                          **PARTIES**

21  8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of

22    the State of California. Plaintiff is, and at all times mentioned herein was a

23    "person" as defined by 47 U.S.C. § 153 (39).

24  9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and

25    at all times mentioned herein was, a corporation whose corporate

26    headquarters is in Rockford, IL. Defendant, is and at all times mentioned

27    herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153

28    (39). Plaintiff alleges that at all times relevant herein Defendant conducted

CLASS ACTION COMPLAINT

1  business in the State of California and in the County of Los Angeles, and
2  within this judicial district.

3  ## FACTUAL ALLEGATIONS

4  10. At all times relevant, Plaintiff was a citizen of the State of California.
5  Plaintiff is, and at all times mentioned herein was, a "person" as defined by
6  47 U.S.C. § 153 (39).

7  11. Defendant is, and at all times mentioned herein was, a Corporation and a
8  "person," as defined by 47 U.S.C. § 153 (39).

9  12. At all times relevant Defendant conducted business in the State of California
10  and in the County of Los Angeles, within this judicial district.

11  13. On or about May 20, 2014 at 8:30 p.m., Plaintiff received a solicitation call
12  from Defendant to Plaintiff's cellular telephone number (310) 210-3272.

13  14. The aforementioned solicitation call was placed from Defendant's telephone
14  number (800) 720-2568 via an automatic dialer.

15  15. At no point did Plaintiff provide Defendant with his cellular telephone, or
16  give Defendant permission to call.

17  16. The calls Defendant placed to Plaintiff's cellular telephones were placed via
18  an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C.
19  § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

20  17. This ATDS has the capacity to store or produce telephone numbers to be
21  dialed, using a random or sequential number generator.

22  18. The telephone number that Defendant, or its agents, called was assigned to
23  cellular telephone services for which Plaintiff incurrs a charge for incoming
24  calls pursuant to 47 U.S.C. § 227 (b)(1).

25  19. These telephone calls constituted calls that were not for emergency purposes
26  as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

27  20. Plaintiff has never provided any personal information, including his cellular
28  telephone number to Defendant for any purpose. As such, neither Defendant

1      nor its agents were provided with prior express consent to place calls via its

2      ATDS to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227

3      (b)(1)(A).

4   21.These telephone calls by Defendant, or its agents, violated 47 U.S.C. §

5      227(b)(1).

6                  **CLASS ACTION ALLEGATIONS**

7   22.Plaintiff brings this action on behalf of himself  and on behalf of and all

8      others similarly situated ("the Class").

9   23.Plaintiff represents, and is a member of, the Class, consisting of All persons

10     within the United States who received any telephone call/s from Defendant

11     or its agent/s and/or employee/s to said person's cellular telephone made

12     through the use of any automatic telephone dialing system within the four

13     years prior to the filling of the Complaint.

14  24.Defendant and its employees or agents are excluded from the Class.

15    Plaintiff does not know the number of members in the Class, but believes the

16    Class members number in the thousands, if not more.  Thus, this matter

17    should be certified as a Class action to assist in the expeditious litigation of

18    this matter.

19  25.Plaintiff and members of the Class were harmed by the acts of Defendant in

20    at least the following ways: Defendant, either directly or through its agents,

21    illegally contacted Plaintiff and the Class members via their cellular

22    telephones, thereby causing Plaintiff and the Class members to incur certain

23    cellular telephone charges or reduce cellular telephone time for which

24    Plaintiff and the Class members previously paid, and invading the privacy of

25    said Plaintiff and the Class members.  Plaintiff and the Class members were

26    damaged thereby.

27  26.This suit seeks only damages and injunctive relief for recovery of economic

28    injury on behalf of the Class, and it expressly is not intended to request any

recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any calls to the Class (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

29. As a person that received numerous calls from Defendant via an automated telephone dialing system, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

30. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class

action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq,

---

**CLASS ACTION COMPLAINT**

Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

---

43. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

44. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

46. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

47. Any other relief the Court may deem just and proper.

## Trial By Jury

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 26, 2014          **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

BY: /S/ TODD M. FRIEDMAN
TODD M. FRIEDMAN, ESQ.
ATTORNEYS FOR PLAINTIFF

CLASS ACTION COMPLAINT

1

ADDITIONAL COUNSEL FOR PLAINTIFF

2

**KAZEROUNI LAW GROUP, APC**

3

Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com

4

Jason A. Ibey, Esq. (SBN: 284607)

5

jason@kazlg.com
245 Fischer Avenue, Unit D1

6

Costa Mesa, CA 92626

7

Telephone: (800) 400-6808
Facsimile: (800) 520-5523

8

9

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)

10

josh@westcoastlitigation.com

11

Jessica R. K. Dorman, Esq. (SBN: 279919)
Jessica@westcoastlitigation.com

12

2221 Camino Del Rio South, Suite 101

13

San Diego, CA 92108-3551
Telephone: (619) 233-7770

14

Facsimile: (619) 297-1022

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**